Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in The U.S. DISTRICT COURT at Seattle, Washington.

JUNE 5, 2008
BRUCE RIFKIN, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TOD EDWIN BOHLMANN, <br><br> Defendant. | CR08 0202 RAJ <br><br> INDICTMENT <br><br> 08-CR-00202-INDI |

The Grand Jury charges that:

## COUNTS 1 THROUGH 7
### (Bank Fraud)

**A. The Scheme and Artifice to Defraud**

1. Beginning at a date uncertain, but in or about June 2006, and continuing through in or about January 2007, within the Western District of Washington and elsewhere, defendant TOD EDWIN BOHLMANN did knowingly and willfully devise and execute, and aid and abet, a scheme and artifice to defraud financial institutions as defined by Title 18, United States Code, Section 20, including but not limited to HSBC, Citibank, and GE Money Bank ("the banks"), and to obtain moneys, funds, and credits under the custody and control of the banks by means of false and fraudulent pretenses, representations and promises (hereinafter "the scheme and artifice to defraud"), as further described below.

2. The essence of the scheme and artifice to defraud was that TOD EDWIN BOHLMANN used the means of identification of others, including but not limited to,

INDICTMENT/BOHLMANN - 1

names, addresses, Social Security numbers, and false identity documents bearing photographs of the defendant, to access existing credit accounts held by individuals whose identities the defendant had assumed, and to exploit the credit limits of those account holders at the banks, and to open new credit accounts in the names of individuals whose identities the defendant had assumed, in order to purchase retail goods and merchandise. TOD EDWIN BOHLMANN thereafter made purchases and attempted to make purchases of merchandise on these credit accounts.

**B.    Manner and Means of the Scheme and Artifice**

3. It was part of the scheme and artifice to defraud that beginning in or about June 2006, and continuing until in or about January 2007, the defendant gained unauthorized access to the computer network of Evergreen Home Loans ("Evergreen").

4. It was further part of the scheme and artifice to defraud that through the Evergreen computer network, the defendant would unlawfully access the credit reporting service used by Evergreen, to wit, American Reporting Company ("ARC"), and obtain full credit reports of Evergreen customers. These credit reports obtained by the defendant contained the means of identification of Evergreen customers, including but not limited to, Social Security numbers, dates of birth, addresses, and spousal identification information.

5. It was further part of the scheme and artifice to defraud that the defendant would use a computer, scanner, and other document-making implements to manufacture false identification documents purportedly issued by the State of Washington, bearing the means of identification of those Evergreen customers whose credit reports he had accessed, but photographs of the defendant, for use in accessing and opening credit accounts with various merchants.

6. It was further part of the scheme and artifice to defraud that the defendant would used the means of identification of Evergreen customers that he obtained from his unauthorized access to the ARC credit reports and false Washington State driver licenses that he manufactured, to access existing credit accounts, and to open new credit accounts,

with banks and merchants throughout the Western District of Washington in the victim's names.

7. It was further part of the scheme and artifice to defraud that the defendant would use the false Washington State driver licenses and the new and existing credit accounts to purchase goods and services with no intention of making any payments on the accounts.

8. It was further part of the scheme and artifice to defraud that the defendant would use the new and existing credit accounts to purchase retail goods and merchandise on the credit accounts of those individuals whose credit reports he had unlawfully accessed.

9. As a result of the scheme and artifice to defraud, the defendant fraudulently attempted to obtain and did obtain in excess of eighty thousand, fifty dollars and twenty-two cents ($80,050.22) of retail goods and merchandise.

C. **Execution of the Scheme and Artifice to Defraud**

10. On or about the below-listed dates, within the Western District of Washington, for the purpose of executing, attempting to execute, and aiding and abetting, this scheme and artifice to defraud the banks, and to obtain credit from the banks by means of false and fraudulent representations and pretenses, including but not limited to the use of false and fictitious driver licenses and other means of identification of Evergreen customers without lawful authorization, and in whose name the defendant opened credit accounts, TOD EDWIN BOHLMANN did knowingly and willfully conduct and cause to be conducted, the below-listed transactions, which are representative of those transactions conducted to execute the scheme to defraud:

| Count | Date | Transaction Location | Transaction | Amount | Defrauded Bank |
|---|---|---|---|---|---|
| 1 | 08/29/06 | Redmond Sears | Purchase of Merchandise | $6,237.11 | Citibank |

| | | | | | |
|---|---|---|---|---|---|
| 2 | 09/12/06 | Tukwila Home Depot | Purchase of Merchandise | $8,809.00 | Citibank |
| 3 | 12/19/06 | Puyallup Home Depot | Purchase of Merchandise | $1,293.57 | Citibank |
| 4 | 09/03/06 | Silverdale Sears (Kitsap Mall) | Purchase of Merchandise | $2,156.48 | Citibank |
| 5 | 10/25/06 | Bellevue Best Buy | Purchase of Merchandise | $2,420.88 | HSBC |
| 6 | 11/07/06 | Tukwila Best Buy | Purchase of Merchandise | $1,652.63 | HSBC |
| 7 | 12/01/06 | Renton IKEA | Purchase of Merchandise | $1,174.92 | GE Money Bank |

All in violation of Title 18, United States Code, Section 1344.

## COUNT 8
### (Aggravated Identity Theft)

On or about August 29, 2006, at Redmond, within the Western District of Washington, TOD EDWIN BOHLMANN knowingly did possess and use, without lawful authority, a means of identification of another person, to wit, the name, and address of W.B., a real person, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), to wit, Bank Fraud, in violation of Title 18, United States Code, Section 1344, as charged in Count 1 above.

All in violation of Title 18, United States Code, Section 1028A.

## COUNT 9
### (Aggravated Identity Theft)

On or about December 19, 2006, at Puyallup, within the Western District Washington, TOD EDWIN BOHLMANN knowingly did possess and use, without lawful authority, a means of identification of another person, to wit, the name and address of P.G., a real person, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), to wit, Bank Fraud, In violation of Title 18, United States Code, Section 1344, as charged in Count 3 above.

All in violation of Title 18, United States Code, Section 1028A.

## COUNT 10
### (Aggravated Identity Theft)

On or about September 3, 2006, at Silverdale, within the Western District of Washington, TOD EDWIN BOHLMANN knowingly did possess and use, without lawful authority, a means of identification of another person, to wit, the name and address of C.C., a real person, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), to wit, Bank Fraud, in violation of Title 18, United States Code, Section 1344, as charged in Count 4 above.

All in violation of Title 18, United States Code, Section 1028A.

## COUNT 11
### (Possession of Document Making Implements)

On or about January 10, 2007, at Tacoma, within the Western District of Washington, TOD EDWIN BOHLMANN knowingly did possess, in and affecting interstate commerce, document-making implements and authentication features, to wit, a Sony Vaio laptop computer model PCG-6N1L, a Hewlett Packard Pavilion laptop computer; a Sony flat screen monitor model KDL32S2010; a Hewlett Packard model 418C printer-scanner; a Hewlett Packard model C5100 printer-scanner; photo making software (Adobe Photo Shop); a Heatseal model H 100 laminator; a Xyron model 510 laminator; paper cutters, scissors, utility knives, glossy photo paper, print paper, green powder (Washington ID card green), brushes, sequences of numbers and letters used by the Washington State Department of Licensing in connection with the issuance of driver licenses, with the intent that such document-making implements and authentication features would be used in the production of false identification documents, document making implements and other authentication features.

All in violation of Title 18, United States Code, Sections 1028(a)(5) and 1028(b)(1)(C).

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 11 are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon the conviction of any of the offenses charged in Counts 1 through 7 of this Indictment, the defendant shall forfeit to the United States any property, real or personal, constituting or derived from proceeds the defendant obtained directly or indirectly as the result of the violations, pursuant to Title 18, United States Code, Section 982(a)(2)(A), including but not limited to:

   a. Bose stereo speaker system and remote; serial number 034122942991200AS;

   b. Bose stereo receiver, serial number 03566941945310A2; and

   c. Seagate 160 GB hard drive, serial number 4LS3P1L4.

3. Upon the conviction of the offense charged in Count 11 of this Indictment, the defendant shall forfeit to the United States any property, real or personal, constituting or derived from proceeds the defendant obtained directly or indirectly as the result of the violation, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(h), including but not limited to:

   a. A Sony Vaio laptop computer, serial number 28247235 3016653;

   b. A Hewlett Packard Pavilion laptop computer, serial number CNF6381YJ8;

   c. A Hewlett Packard printer-scanner, serial number 1HS9EDHCVD;

   d. A Toshiba Satellite laptop computer, serial number 96143216H; and

   e. A Sony flat panel computer monitor, serial number 4206612.

4. If any property or proceeds subject to forfeiture pursuant to any violation of Title 18, United States Code, Sections 1344 and Sections 1028(a)(5) and 1028(b)(1)(C), as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred, sold to, or deposited to a third person;

|   |   |   |
|---|---|---|
| | c. | has been placed beyond the jurisdiction of the court; |
| | d. | has been substantially diminished in value; or |
| | e. | has been commingled with other property which cannot be subdivided without difficulty; |

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property or to seek the return of the property to the jurisdiction of the court so that the property may be seized and forfeited.

A TRUE BILL:

DATED:

(Signature of Foreperson redacted pursuant to policy of the Judicial Conference)
FOREPERSON

JEFFREY C. SULLIVAN
United States Attorney

ANNETTE L. HAYES
Assistant United States Attorney

MATTHEW D. DIGGS
Assistant United States Attorney

INDICTMENT/BOHLMANN - 8